UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY BRUCE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-288 |
| | § | |
| FLAGSTAR BANK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On October 2, 2019, Defendant Flagstar Bank filed its Notice of Removal (D.E. 1) invoking this Court's diversity jurisdiction by alleging that Defendants Texas Premier Mortgage, Inc. and Substitute Trustees Jo Woolsey, Bob Frisch, Jodi Steen, Janice Stoner, and Mary Goldston—all of whom are allegedly non-diverse, Texas citizens—were improperly joined. On October 22, 2019, Plaintiffs filed a response to the notice of removal (D.E. 8), asserting two positions: (1) that the non-diverse Defendants were properly joined; and (2) that Plaintiffs consent to federal jurisdiction. These two positions are mutually exclusive because diversity jurisdiction does not exist if the parties are not diverse and the parties cannot confer jurisdiction by consent. 28 U.S.C. § 1332; *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007).

This Court has the responsibility to evaluate its jurisdiction sua sponte, if necessary. *Westland Oil Development Corp. v. Summit Transp Co.*, 481 F. Supp. 15 (S.D. Tex. 1979), *aff'd*, 614 F.2d 768 (1980). Therefore, the Court **ORDERS** Plaintiffs to **SHOW CAUSE** why the claims against the allegedly non-diverse Defendants should

not be dismissed pursuant to the briefing in Defendant Flagstar Bank's notice of removal. Plaintiffs are **ORDERED** to file any briefing and evidence supporting their position on or before **November 15, 2019**. Defendants may then reply on or before **November 22, 2019**.

ORDERED this 23rd day of October, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE